UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-58266-PMB |
| | : | |
| NATASHA ELEANOR PIERRE, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**MOTION FOR ORDER AUTHORIZING SETTLEMENT BETWEEN TRUSTEE AND DEBTOR UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Natasha Eleanor Pierre ("**Debtor**"), by and through undersigned counsel, and files his *Motion for Order Authorizing Settlement between Trustee and Debtor under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Settlement Motion**"). In support of the Settlement Motion, Trustee respectfully shows the Bankruptcy Court as follows:

**Jurisdiction and Venue**

1. This Bankruptcy Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought in this Settlement Motion is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

**Background**

2. On November 4, 2021 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the

Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 7 Case No. 21-58266-PMB (the "**Bankruptcy Case**").

3. Trustee was thereafter appointed the duly acting Chapter 7 trustee in the Bankruptcy Case, and he remains in this role.

4. On the Petition Date, Debtor owned a one-half interest in that certain real property with a common address of 5873 Sable Chase Drive, Atlanta, Georgia 30349 (the "**Property**").

5. Debtor's interest in the Property (the "**Interest**") is property of the Bankruptcy Estate. *See* 11 U.S.C. § 541.

6. As part of his investigation of property of the Bankruptcy Estate, Trustee believes that the Property has a value of approximately $275,000.00.[1]

7. Rather than Trustee's selling the Interest of the Bankruptcy Estate in the Property, Debtor would like to purchase the Interest from the Bankruptcy Estate (the "**Transfer Dispute**").

**The Proposed Settlement**

8. Following negotiations, Trustee and Debtor (collectively, the "**Parties**") reached an agreement (the "**Settlement Agreement**") to resolve the Transfer Dispute, subject to Bankruptcy Court approval. A copy of the Settlement Agreement is attached as Exhibit "A" to this Settlement Motion and is incorporated herein by reference. Significant terms of the Settlement Agreement follow:[2]

---

[1] Because the total filed claims against the Bankruptcy Estate are small compared to the available equity in the Property, the proposed settlement amount is significantly less than what the Bankruptcy Estate would realize should Trustee liquidate the Interest in the Property.

[2] The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement shall control.

a. After the Settlement Approval Order becomes final, Debtor shall pay a total of $11,000.00 (the "**Settlement Funds**") in good funds to Trustee in exchange for Trustee's abandoning the Interest to Debtor in accordance with the following schedule (the "**Scheduled Payments**"):

   i. $8,000.00 within five business days of the Settlement Approval Order becoming final; and

   ii. $500.00 per month for 6 months, on the 1st day of each month, beginning on October 1, 2022.[3]

b. The Interest of the Bankruptcy Estate in and to the Property shall be deemed abandoned upon the later of: (a) Trustee's receipt in full of the Settlement Funds from Debtor in good funds; or (b) the Settlement Approval Order becoming final.

c. Debtor shall insure the Property to protect the Bankruptcy Estate against loss, whether casualty or personal liability, until the later of: (a) Trustee's receipt in full of the Settlement Funds from Debtor; or (b) the Settlement Approval Order becoming final.

d. Debtor shall pay all *ad valorem* real property taxes that accrue against or as a result of the Property until the later of: (a) Trustee's receipt in full of the Settlement Funds from Debtor; or (b) the Settlement Approval Order becoming final.

e. Debtor shall pay all maintenance and repair expenses that arise from or that are related to the Property until the later of: (a) Trustee's receipt in full of the Settlement Funds from Debtor; or (b) the Settlement Approval Order becoming final.

f. The Parties stipulate and agree that Debtor shall not have a claim under Section 502(h) of the Bankruptcy Code in the Bankruptcy Case for or on account of payment of the Settlement Funds, or for any reason, and that neither Debtor nor any of her affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate.

g. Effective upon the Settlement Approval Order becoming final, Debtor shall waive any and all obligations that the Bankruptcy Estate may otherwise have to pay to Debtor out of the Settlement Funds on account of exemptions asserted by or on behalf of Debtor, if any, in the Property, the Interest, or the Settlement Funds.

---

[3] Capitalized terms not otherwise defined in this Settlement Motion shall have the meanings ascribed to them in the Settlement Agreement.

    h.   There are default notices and remedies if Debtor fails to make the Scheduled Payments timely.

## Relief Requested

9.    By this Settlement Motion, Trustee requests that the Bankruptcy Court approve the Settlement Agreement between the Parties.

## Basis for Relief

10.    Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> > (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a

pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).[4]

11. The proposed settlement between the Parties is the product of arms' length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

12. Given the amount of the filed claims against the Bankruptcy Estate and the fact that the proposed settlement should allow Trustee to make a substantial distribution to timely filed claims, settlement on the terms described in the Settlement Agreement is a proper exercise of the Trustee's business judgment and in the best interests of the Bankruptcy Estate.

13. Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee urges that this Bankruptcy Court approve the Settlement Agreement.

WHEREFORE, Trustee respectfully requests that the Bankruptcy Court enter an Order (i) granting this Settlement Motion; (ii) authorizing Trustee to take actions reasonably necessary to effectuate the terms of the Settlement Agreement; and (iii) granting to the parties such other and further relief that the Court deems just and appropriate.

Respectfully submitted, this 22nd day of August 2022.

ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
    Michael J. Bargar

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
404-410-1220

    Georgia Bar No. 645709
    mbargar@rlkglaw.com

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

**EXHIBIT "A" FOLLOWS**

Case 21-58266-pmb    Doc 23    Filed 08/22/22    Entered 08/22/22 16:06:47    Desc Main
Document    Page 6 of 14

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") dated as of _August 18_, 2022 (the "**Effective Date**"), is entered between S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Natasha Eleanor Pierre; and Natasha Eleanor Pierre ("**Debtor**"), an individual resident of the State of Georgia.

### Background

1. On November 4, 2021 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 7 Case No. 21-58266-PMB (the "**Bankruptcy Case**").

2. Trustee was thereafter appointed the duly acting Chapter 7 trustee in the Bankruptcy Case, and he remains in this role.

3. On the Petition Date, Debtor owned a one-half interest in that certain real property with a common address of 5873 Sable Chase Drive, Atlanta, Georgia 30349 (the "**Property**").

4. Debtor's interest in the Property (the "**Interest**") is property of the Bankruptcy Estate. *See* 11 U.S.C. § 541.

5. As part of his investigation of property of the Bankruptcy Estate, Trustee believes that the Property has a value of approximately $275,000.00.

6. Rather than Trustee's selling the Interest of the Bankruptcy Estate in the Property, Debtor would like to purchase the Interest from the Bankruptcy Estate (the "**Transfer Dispute**").

7. Following negotiations, Trustee and Debtor (collectively, the "**Parties**") have reached an agreement to transfer the Interest to Debtor by Trustee's abandoning it back to Debtor following certain payments by Debtor.

Accordingly, the Parties agree as follows:

1. **Background.** The recitations in the above background section are incorporated into this Agreement as if set forth fully herein.

2. **Transfer of the Interest and Resolution of the Transfer Dispute.** Subject to approval of this Agreement by the Bankruptcy Court, following notice and the opportunity for a hearing, the Parties agree to resolve the claims and disputes related to the Property as follows:

    2.1. *Approval of Proposed Settlement.* Within five (5) business days after execution of this Agreement by each of the Parties, Trustee shall prepare and file the necessary

Page 1 of 6

13146680v1

pleadings, including, but not limited to, a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Settlement Approval Motion**"), seeking entry of an order by the Bankruptcy Court approving the compromise and settlement contemplated herein ("**Settlement Approval Order**").

2.2. *Payment of Settlement Funds.* After the Settlement Approval Order becomes final, Debtor shall pay a total of $11,000.00 (the "**Settlement Funds**") in good funds to Trustee in exchange for Trustee's abandoning the Interest to Debtor in accordance with the following schedule (the "**Scheduled Payments**"):

   (a) $8,000.00 within five business days of the Settlement Approval Order becoming final; and

   (b) $500.00 per month for 6 months, on the 1st day of each month, beginning on October 1, 2022.

   For avoidance of doubt, Debtor shall pay each of the Scheduled Payments to Trustee by delivering an official check in the appropriate amount set forth above and made payable to "S. Gregory Hays, Trustee (Pierre)", addressed as follows:

   S. Gregory Hays
   Hays Financial Consulting, LLC
   2964 Peachtree Road, Suite 555
   Atlanta, Georgia 30305

   For the purposes of this Agreement, the Settlement Approval Order becomes final when it has been entered on the docket in the Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted.

2.3. *Abandonment of the Property.* The Interest of the Bankruptcy Estate in and to the Property shall be deemed abandoned upon the later of: (a) Trustee's receipt in full of the Settlement Funds from Debtor in good funds; or (b) the Settlement Approval Order becoming final.

2.4. *Debtor to Insure Property.* Debtor shall insure the Property to protect the Bankruptcy Estate against loss, whether casualty or personal liability, until the later of: (a) Trustee's receipt in full of the Settlement Funds from Debtor; or (b) the Settlement Approval Order becoming final.

2.5. *Debtor to Pay Real Property Taxes.* Debtor shall pay all *ad valorem* real property taxes that accrue against or as a result of the Property until the later of: (a) Trustee's

receipt in full of the Settlement Funds from Debtor; or (b) the Settlement Approval Order becoming final.

2.6. *Debtor Shall Pay for All Maintenance of Property.* Debtor shall pay all maintenance and repair expenses that arise from or that are related to the Property until the later of: (a) Trustee's receipt in full of the Settlement Funds from Debtor; or (b) the Settlement Approval Order becoming final.

2.7. *No Section 502(h) Claim.* The Parties stipulate and agree that Debtor shall not have a claim under Section 502(h) of the Bankruptcy Code in the Bankruptcy Case for or on account of payment of the Settlement Funds, or for any reason, and that neither Debtor nor any of her affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate.

2.8. *No Pre-Payment Penalty.* Notwithstanding anything to the contrary in this Agreement, Debtor may pay at any time the entire amount due under this Agreement without incurring a pre-payment penalty.

2.9. *Waiver of Exemption in the Property.* Effective upon the Settlement Approval Order becoming final, Debtor shall waive any and all obligations that the Bankruptcy Estate may otherwise have to pay to Debtor out of the Settlement Funds on account of exemptions asserted by or on behalf of Debtor, if any, in the Property, the Interest, or the Settlement Funds.

2.10. *Events of Default and Cure Period.* If Debtor fails to pay timely the Scheduled Payments as set forth in Section 2.2 of this Agreement, Debtor shall be entitled to three, and only three, 5-day cure periods following notice (the "**Default Notice**") by Trustee to Debtor, in which Trustee shall notify Debtor that she has failed to make a Scheduled Payment and which notice shall be given as set forth in Section 11 of this Agreement. Following Debtor's receipt, as set forth in Section 11 of this Agreement, of a Default Notice, Debtor shall have five days to cure the non-payment (the "**5-Day Cure Opportunity**") of the Scheduled Payment by delivering the respective Scheduled Payment to Trustee as set forth in Section 2.2 of this Agreement. After the three permitted cure periods have been used, Trustee shall be entitled to strict compliance with all subsequent payment deadlines.

2.11. *Remedies for Default.* If Debtor: (a) fails to cure timely an unpaid Scheduled Payment following one of her three 5-day Cure Opportunities, or (b) fails to pay timely a Scheduled Payment after she has exhausted her two 5-day Cure Opportunities, then:

    2.11.1. Trustee shall be entitled to retain for the benefit of the Bankruptcy Estate any Scheduled Payments that Debtor has made to Trustee; and

    2.11.2. Trustee shall be entitled to sell the Property, and Debtor shall consent to such a sale of the Property by Trustee.

Page 3 of 6

Trustee and Debtor acknowledge and agree that: (a) estimating the damages from Debtor's breaching this Agreement would be difficult or impossible to estimate ahead of time; (b) that the damages set forth in this Section 2.11 of the Agreement are compensatory rather punitive in nature; and (c) that the damages set forth herein are the best, reasonable estimate of Debtor and Trustee of the injury that Trustee and the Bankruptcy Estate would suffer in the event that Debtor fails to make any of the Scheduled Payments or cure any default following Debtor's three Default Notices.

3. **No Admissions.** The Parties acknowledge and agree that this Agreement is being executed and delivered as part of the compromise and settlement of disputed claims and is expressly contingent upon and subject to the approval of the Bankruptcy Court for the Northern District of Georgia. The Parties further acknowledge and agree that this Agreement will not and may not be used or construed as an admission of any liability or responsibility to any party or to any other persons.

4. **Entire Agreement; Modification.** The Parties agree that there are no other agreements, oral or written, between or among them relating to any matters covered by this Agreement and that this Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein. The Parties further agree that this Agreement may not be altered, amended, or modified in any respect or particular whatsoever, except by a writing duly executed by Trustee and Debtor and that any material amendment is subject to Bankruptcy Court approval.

5. **Voluntary Execution of Agreement.** The Parties hereby mutually acknowledge and represent and warrant that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know, and understand completely the contents hereof, and that they have voluntarily executed the same. The Parties further mutually acknowledge and represent and warrant that they have had input into the drafting of this Agreement and that, accordingly, in any construction to be made of this Agreement, it shall not be construed for or against either Trustee or Debtor but rather shall be given fair and reasonable interpretation based on the plain language of this Agreement and the expressed intent of the Parties.

6. **Authority of Parties.** The persons executing this Agreement represent and warrant that they have the legal and institutional authority to do so on behalf of the person or legal entity for which they are signing.

7. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which is an original, and all of which constitute only one agreement between the Parties. Counterparts of this Agreement also may be exchanged via electronic transmission such as facsimile machines or computer, and any Party's signature transmitted by such electronic transmission shall be deemed to be an original signature for all purposes.

13146680v1

8. **Bankruptcy Court Jurisdiction.** The Bankruptcy Court shall retain jurisdiction over the Parties for enforcement of this Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction or other issue relating to or concerning this Agreement. An action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Bankruptcy Court which shall retain jurisdiction over the subject matter and the Parties for this purpose.

9. **Georgia Law Applicable.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles.

10. **Severability.** If any provision of this Agreement is illegal or unenforceable, that provision is severed from this Agreement and the other provisions remain in force.

11. **Notices.** Any notices by Parties provided for or permitted under this Agreement, or by law, shall be in writing and shall be deemed received: (a) when personally delivered to a party, on the date of such delivery; or (b) when sent via electronic mail to a party at the electronic mail address set forth below, on the date of transmission, provided that the transmitting Party has no reasonable belief that the electronic mail was not delivered; or (c) when deposited in the United States Mail, certified and postage prepaid, addressed to such party at the address set forth below, three (3) days following the deposit of such notice in the mail. Notices shall be sent to the parties as follows

   11.1. *If to Trustee*:

   Michael J. Bargar
   Rountree Leitman Klein & Geer, LLC
   Century Plaza I
   2987 Clairmont Road, Suite 350
   Atlanta, GA  30329
   mbargar@rlkglaw.com (electronic mail)

   11.2. *If to Debtor*:

   Lauren A. Drayton
   The Semrad Law Firm, LLC
   235 Peachtree St, NE, Suite 300
   Atlanta, GA  30303
   ldrayton@semradlaw.com (electronic mail)

   The address to which notices are to be sent may be changed by any party by providing notice of the new address as provided herein.

12. **Restoration.** In the event that the Bankruptcy Court denies approval of this Agreement, then, and in that event, unless otherwise agreed by the Parties in writing, this Agreement shall terminate and be null and void and have no further force or effect and the Parties shall be

13146680v1

restored to their respective factual and legal positions which existed immediately prior to execution of this Agreement.

13. **Parties to Bear Own Costs.** Except as otherwise stated in this Agreement, each Party shall bear its own costs (including attorney's fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Agreement.

14. **Time is of the Essence.** Time is of the essence in this Agreement.

To evidence the Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the Effective Date.

**TRUSTEE**

_____
S. Gregory Hays, as and only as
Chapter 7 Trustee for the bankruptcy estate of
Natasha Eleanor Pierre (Case No. 21-58266-PMB)

Dated: 8-18-2022

**DEBTOR**

_____
Natasha Eleanor Pierre

Dated:_____

13146680v1

restored to their respective factual and legal positions which existed immediately prior to execution of this Agreement.

13. **Parties to Bear Own Costs.** Except as otherwise stated in this Agreement, each Party shall bear its own costs (including attorney's fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Agreement.

14. **Time is of the Essence.** Time is of the essence in this Agreement.

To evidence the Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the Effective Date.

**TRUSTEE**

_____
S. Gregory Hays, as and only as
Chapter 7 Trustee for the bankruptcy estate of
Natasha Eleanor Pierre (Case No. 21-58266-PMB)

Dated: 8-18-2022

**DEBTOR**

_____
Natasha Eleanor Pierre

Dated: 8/16/2022

Page 6 of 6

13146680v1

## CERTIFICATE OF SERVICE

This is to certify that I, Michael J. Bargar, am over the age of 18 and that I have this day served a true and correct copy of the foregoing *Motion for Order Authorizing Settlement between Trustee and Debtor under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by first class United States mail on the following persons or entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Lauren Drayton
The Semrad Law Firm, LLC
Suite 300235 Peachtree Street NE
Atlanta, GA 30303

Natasha Eleanor Pierre
5873 Sable Chase Ln
Atlanta, GA 30349

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

This 22nd day of August 2022.

/s/ Michael J. Bargar
Michael J. Bargar
Georgia Bar No. 645709