**IT IS ORDERED as set forth below:**



**Date: September 21, 2022**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-58266-PMB |
| | : | |
| NATASHA ELEANOR PIERRE, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER APPROVING SETTLEMENT AGREEMENT UNDER RULE 9019 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE**

On August 22, 2022, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Natasha Eleanor Pierre ("**Debtor**"), filed his *Motion for Order Authorizing Settlement between Trustee and Debtor under Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 23] (the "**Settlement Motion**") and related papers with the

Court, seeking an order, among other things, approving a certain Settlement Agreement[1] between Trustee and Debtor (collectively, the "**Parties**") wherein, *inter alia*,[2] Debtor shall pay a total of $11,000.00 (the "**Settlement Funds**") to Trustee through certain Scheduled Payments for the interest of the Bankruptcy Estate (the "**Interest**") in a certain improved real property with a common address of 5873 Sable Chase Drive, Atlanta, Georgia 30349 (the "**Property**").[3] In return, the Interest of the Bankruptcy Estate in and to the Property shall be deemed abandoned upon the later of: (1) Trustee's receipt in full of the $11,000.00 Settlement Funds from Debtor in good funds; or (2) this Order becoming final.  In addition, the Parties stipulate and agree that Debtor shall not have a claim under Section 502(h) of the Bankruptcy Code in the Bankruptcy Case for or on account of payment of the Settlement Funds, or for any reason, and that neither Debtor nor any of her affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate.  Moreover, Debtor waives all obligations that the Bankruptcy Estate may otherwise have to pay to Debtor out of the Settlement Funds on account of exemptions asserted by or on behalf of Debtor, if any, in the Property, the Interest, or the Settlement Funds.  Finally, the Settlement Agreement includes default provisions should Debtor fail to make timely the Scheduled Payments totaling $11,000.00.  The exact terms of the Settlement Agreement are set forth in Exhibit "A" to the Settlement Motion.

---

[1] Capitalized terms used in this Order but not otherwise defined shall have the meanings ascribed to them in the Settlement Motion.

[2] The following is a summary of the Settlement Agreement and is not intended to be comprehensive.  To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

[3] Trustee estimates that the proposed settlement will allow him to make a meaningful, if not substantial distribution to holders of timely filed, unsecured claims.

On August 23, 2022, Trustee filed a *Notice of Motion for Order Authorizing Settlement between Trustee and Debtor under Rule 9019 of the Federal Rules of Bankruptcy Procedure; Deadline to Object; and for Hearing* [Doc. No. 24] (the "**Notice**") regarding the Settlement Motion, in accordance with the Second Amended and Restated General Order No. 24-2018. Counsel for Trustee certifies that he caused service of the Notice on all requisite parties in interest on August 23, 2022. [Doc. No. 25].

The Notice provided notice of the opportunity to object and for hearing pursuant to the procedures in the Second Amended and Restated General Order No. 24-2018. No objection to the Settlement Motion was filed prior to the objection deadline provided in the Notice.

The Court having considered the Settlement Motion and all other matters of record, including the lack of objection to the relief requested in the Settlement Motion, and, based on the forgoing, finding that no further notice or hearing is necessary; and, the Court having found that good cause exists to grant the relief requested in the Settlement Motion, it is hereby

**ORDERED** that the Settlement Motion is **GRANTED**: the Settlement Agreement is **APPROVED**, and its terms are incorporated herein by reference. It is further

**ORDERED** that Trustee may take any other actions necessary to effectuate the terms of the Settlement Agreement and the Settlement Motion. It is further

**ORDERED** that this Court retains jurisdiction to (i) interpret, implement, and enforce this Order, (ii) resolve any disputes regarding or concerning the Settlement Agreement, and (iii) enter such other and further orders as may be necessary, just, or proper as an aid to enforcement or implementation of this Order.

**[END OF DOCUMENT]**

**Order prepared and presented by:**

ROUNTREE LEITMAN KLEIN & GEER LLC
*Attorneys for Trustee*

By: /s/ *Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
    mbargar@rlkglaw.com
Century Plaza I
2987 Clairmont Road, Suite 530
Atlanta, GA  30329
(404) 410-1220

**Identification of entities to be served:**

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Lauren Drayton
The Semrad Law Firm, LLC
Suite 300235 Peachtree Street NE
Atlanta, GA 30303

Natasha Eleanor Pierre
5873 Sable Chase Ln
Atlanta, GA 30349

Michael J. Bargar
Rountree Leitman Klein & Geer LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, GA 30329