**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: PIERRE, NATASHA ELEANOR | § § § § | Case No. 21-58266-PMB |
| Debtor(s) | | |

**NOTICE OF TRUSTEE'S FINAL REPORT AND**
**APPLICATIONS FOR COMPENSATION**
**AND DEADLINE TO OBJECT (NFR)**

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that S. Gregory Hays, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

1340 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303

Pursuant to Third Amended and Restated General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files a response or objection within twenty-one (21) days from the date of service of this notice.  If you object to the relief requested in the pleadings, you must timely file your objection with the Bankruptcy Clerk at U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303, and serve a copy on the Trustee, S. Gregory Hays, 2964 Peachtree Road, NW, Ste 555, Atlanta, GA 30305, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

A hearing on the pleadings has been scheduled for September 18, 2023.  The Court will hold a hearing on the pleadings at 1:10 P.M. on September 18, 2023, Courtroom 1202, which may be attended in person or via the Court's Virtual Hearing Room.  You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website.  Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing.  You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise.  Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

If an objection or response is timely filed and served, the hearing will proceed as scheduled.  If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice and without holding the scheduled hearing provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing.  If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the scheduled hearing, the hearing will be held as scheduled.

**UST Form 101-7-NFR (10/1/2010)**

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

Date Mailed: 08/09/2023                By: /s/ S. Gregory Hays

                                       Chapter 7 Trustee

S. Gregory Hays
2964 Peachtree Road, NW, Ste. 555
Atlanta, GA 30305
(404) 926-0060

**UST Form 101-7-NFR (10/1/2010)**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

In re: PIERRE, NATASHA ELEANOR     §     Case No. 21-58266-PMB
§
§
§
Debtor(s)

## SUMMARY OF TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION

| | |
|---|---:|
| *The Final Report shows receipts of :* | $ 11,000.00 |
| *and approved disbursements of:* | $ 133.81 |
| *leaving a balance on hand of[1]:* | $ 10,866.19 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

| | |
|---|---:|
| Total to be paid to secured creditors: | $ 0.00 |
| Remaining balance: | $ 10,866.19 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| Trustee, Fees - S. Gregory Hays | 1,850.00 | 0.00 | 1,850.00 |
| Trustee, Expenses - S. Gregory Hays | 78.92 | 0.00 | 78.92 |
| Accountant for Trustee, Fees - Hays Financial Consulting, LLC | 2,567.50 | 0.00 | 2,567.50 |
| Accountant for Trustee, Expenses - Hays Financial Consulting, LLC | 88.91 | 0.00 | 88.91 |
| Attorney for Trustee Fees (Other Firm) - Roundtree Leitman Klein & Geer LLC | 2,267.50 | 0.00 | 2,267.50 |
| Attorney for Trustee Expenses (Other Firm) - Roundtree Leitman Klein & Geer LLC | 75.93 | 0.00 | 75.93 |

[1]The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

|  | Total to be paid for chapter 7 administrative expenses: | $ | 6,928.76 |
|---|---|---|---|
|  | Remaining balance: | $ | 3,937.43 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

|  | Total to be paid for prior chapter administrative expenses: | $ | 0.00 |
|---|---|---|---|
|  | Remaining balance: | $ | 3,937.43 |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

|  | Total to be paid for priority claims: | $ | 0.00 |
|---|---|---|---|
|  | Remaining balance: | $ | 3,937.43 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $3,999.20 have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 98.5 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Quantum3 Group LLC as agent for | 430.91 | 0.00 | 424.25 |
| 2 | Quantum3 Group LLC as agent for | 1,267.84 | 0.00 | 1,248.26 |
| 3 | Department Stores National Bank | 498.74 | 0.00 | 491.04 |

**UST Form 101-7-NFR (10/1/2010)**

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| 4 | Bureaus Investment Group Portfolio No 15 LLC | 497.70 | 0.00 | 490.01 |
| 5 | Portfolio Recovery Associates, LLC | 1,304.01 | 0.00 | 1,283.87 |

|  |  |
|---|---:|
| Total to be paid for timely general unsecured claims: | $ 3,937.43 |
| Remaining balance: | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None |  |  |  |  |

|  |  |
|---|---:|
| Total to be paid for tardily filed general unsecured claims: | $ 0.00 |
| Remaining balance: | $ 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None |  |  |  |  |

|  |  |
|---|---:|
| Total to be paid for subordinated claims: | $ 0.00 |
| Remaining balance: | $ 0.00 |

**UST Form 101-7-NFR (10/1/2010)**

                            Prepared By: /s/ S. Gregory Hays
                                              Chapter 7 Trustee

S. Gregory Hays
2964 Peachtree Road, NW, Ste. 555
Atlanta, GA 30305
(404) 926-0060

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (10/1/2010)**